# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

DIANE CHOROSEVIC, et al., )
　　　　　　　　　　　　　　　　)
　　　Plaintiffs, )
　　　　　　　　　　　　　　　　)
　　v. ) No. 4:05-CV-2394 CAS
　　　　　　　　　　　　　　　　)
METLIFE CHOICES, et al., )
　　　　　　　　　　　　　　　　)
　　　Defendants. )

This matter is before the Court on various motions by defendants MetLife Choices, Metropolitan Life Insurance Company (MetLife), United HealthCare Insurance Company (UHIC), and United HealthCare Affiliates of various states and regions[1] (UHIC Affiliates). Defendants request that this Court enter an order directing payment of costs and staying proceedings and dismissing Count III of plaintiffs' complaint. Plaintiffs oppose all of the motions. For the following reasons, the Court will deny the Joint Motion of Defendants Metlife Choices, Metlife and UHIC and joined by the UHIC Affiliates for Order Directing Payment of Costs and Staying Proceedings, UHIC's Motion to Dismiss Count III of the Complaint joined by the UHIC Affiliates, and MetLife's Motion to Dismiss Count III of the Complaint joined by the UHIC Affiliates.

**Factual and Procedural Background**

Diane and Lawrence Chorosevic, husband and wife, bring this action on behalf of themselves and all others similarly situated. On or about August 20, 2004, Lawrence Chorosevic received medical services from St. Anthony's Medical Center in St. Louis County, Missouri. (Complaint, ¶ 37) At that time, Lawrence Chorosevic received benefits under a health insurance policy issued by

---

[1]This name encompasses twenty-two of the twenty-three United Healthcare affiliated companies that are parties to this action. United Healthcare of Upstate New York, Inc. has not filed a responsive pleading.

Blue Cross and Blue Shield of Missouri ("BCBS"), and also received benefits under the MetLife Choices Plan (the "Plan") provided by defendant MetLife, the corporate parent of Diane Chorosevic's employer General American. (Id., ¶¶ 4-7, 38) MetLife is the Plan Administrator of the Plan, and UHIC is the Claims Administrator of the Plan. (Id., ¶¶ 8, 10)

With respect to the claim for services rendered to Lawrence Chorosevic on August 20, 2004, under coordination of benefits rules, BCBS was the primary insurer and the Plan was secondary, which meant that BCBS was required to pay first. (Id., ¶¶ 13-14, 39) Plaintiffs allege that when UHIC acts as a secondary insurer or administrator for a secondary plan on a claim for medical services, it improperly calculates its gross primary liability by applying the PPO discount rate negotiated by the primary insurer or claims administrator when the PPO discount rate negotiated by the primary insurer or claims administrator is more favorable to UHIC than the discount rate negotiated by UHIC. Plaintiffs further state that because of UHIC's alleged benefits miscalculations, they were overcharged $69.20 for the medical services Lawrence Chorosevic received on or about August 20, 2004. (Id., ¶ 40.)

On June 7, 2005, plaintiffs filed a seven-count action in the United States District Court for the Southern District of Illinois against MetLife, UHIC and several UHIC Affiliates asserting various state court and claims under the Employee Retirement Income Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. In response, defendants MetLife and UHIC moved to dismiss, and their motion was set for a hearing on November 28, 2005. On the day of the hearing, plaintiffs voluntarily dismissed the action. On December 27, 2005, plaintiffs re-filed their action in this Court, pleading three of their original seven counts against the defendants. Plaintiffs assert that defendants' alleged improper calculations of benefits violate ERISA sections 502(a)(1)(B) (Count I), sections 404 and 405 (Count II) and section 409(a) (Count III).

**Motion for Order Directing Payment of Costs and Staying Proceedings**

Defendants MetLife Choices, MetLife, UHIC, and the UHIC Affiliates move the Court to stay this action and direct plaintiffs to pay the costs of the original action filed in the Southern District of Illinois, pursuant to Rule 41(d), Federal Rules of Civil Procedure. Defendants assert that plaintiffs should have to bear the costs of the original action for four reasons: (1) plaintiffs' refusal to acknowledge the inadequacies of their successive complaints required defendants to incur substantial attorneys' fees and costs to brief their motions to dismiss and prepare for the hearing on those motions; (2) plaintiffs did not inform defendants, until the morning of the hearing on the motion to dismiss, that they planned to voluntarily dismiss the action, and failed to attend the hearing; (3) defendants expended unnecessary effort and expense preparing the case under both Seventh and Eighth Circuit law; and (4) plaintiffs' counsel chose to delay dismissal until the last moment and engaged in wasteful and blatant forum shopping by refiling suit in this Court.

In response, plaintiffs argue that under Federal Rule 41(a)(1)(I), they had the absolute right to voluntarily dismiss their previous action because defendants had not yet answered the complaint, moved for summary judgment, or begun discovery. Plaintiffs further argue that the case law cited by defendants demonstrates that courts typically only order payment of costs under Rule 41(d) when the plaintiffs voluntarily dismissed the earlier suit on the eve of trial. Plaintiffs also point out that because the defendants failed to itemize their costs, the Court is left with no basis upon which to make a ruling. Finally, plaintiffs contend that even if the Court determines that awarding defendants' costs is appropriate, it would be improper to include attorneys' fees because Rule 41(d) does not allow such a recovery.

Defendants reply that Rule 41(d) is designed to serve as a deterrent to the type of forum shopping that plaintiffs allegedly engaged in. They also argue that Rule 41 gives the Court discretion

3

to grant or deny an award of attorneys' fees. Additionally, defendants contend that an award of attorneys' fees advances the purpose of the Rule and is consistent with other fee awards under the applicable law.

In response to the UHIC Affiliates' motion for costs and to stay, plaintiffs argue that the motion should be denied because defendants have not shown that plaintiffs acted in bad faith or willfully disobeyed any court order. Additionally, plaintiffs explain that their original action was filed in the Southern District of Illinois because they believed additional plaintiffs who lived in southern Illinois would be joining the lawsuit as class representatives. However, when it became clear that the parties would not be joining the action, plaintiffs state they dismissed that action and re-filed in this Court. Plaintiffs also argue that because this is a continuing legal action, defendants should not be reimbursed for previous work that remains applicable to the present case. The UHIC Affiliates reply that plaintiffs' justifications for originally filing this action in the Southern District of Illinois confirm that their conduct supports an award of fees and costs to defendants.

**Legal Standard**

Rule 41(d) provides that where a plaintiff who has once dismissed an action files another suit based on or including the same claim, the Court may order the payment of costs of the previously dismissed action, and may stay the proceedings until the plaintiff has complied with the order. Rule 41(d) is intended to confer broad discretion on federal courts. James Wm. Moore et al., 8 Moore's Federal Practice § 41.70 at 41-206 (3d ed. 2006). The rule is more permissive and does not require the issuance of a stay. See Simeone v. First Bank Nat'l Ass'n, 125 F.R.D. 150, 153 (D. Minn. 1989), aff'd, 971 F.2d 103 (8th Cir. 1992). "The purpose of the rule is to prevent vexatious suits and to secure the payment of costs." Id.

4

**Discussion**

The Court concludes that under the facts of this case, defendants' motions to require plaintiffs to pay costs and attorneys' fees in connection with the prior action in the Southern District of Illinois should be denied. The Court also declines to stay this action. Although the defendants allege that plaintiffs are engaging in vexatious forum shopping, the Court finds credible plaintiffs' explanation for why they dismissed their original action, and then re-filed that action in this Court. Moreover, all parties agree that this Court sits in the proper venue where this action should be heard. In addition, the previous action was dismissed relatively early in its proceedings, and defendants had not yet answered the complaint, moved for summary judgment, or begun discovery. The motions should therefore be denied.

**Motions To Dismiss Count III**

**Background**

Plaintiffs bring Count III of their complaint based on 29 U.S.C. § 1109(a). Section 1109(a) provides that any person who is a fiduciary with respect to a plan who breaches any duties imposed upon fiduciaries by the sub-chapter is personally liable to repay to the plan any losses resulting from such breach, to restore to the plan any profits the fiduciary made through use of assets of the plan, and any other equitable or remedial relief as the court may deem appropriate. Plaintiffs allege that UHIC and MetLife breached their fiduciary duties to the MetLife Choices Plan by engaging in a pattern and practice of violations that now require reform of the Plan.

Defendants MetLife and UHIC filed separate motions to dismiss Count III of plaintiffs' complaint. The UHIC Affiliates, in a separate motion, adopt both motions to dismiss. In its motion to dismiss, UHIC argues that although Count III purports to state a claim under section 409(a) of ERISA, 29 U.S.C. § 1109(a), plaintiffs fail to allege that the benefits plan suffered a loss or that

UHIC profited through the improper use of the benefit plan's assets. UHIC further contends that because the funds used to pay benefits are assets of the plan, underpayment of claims as alleged by the plaintiffs would cause the fund's assets to increase, and not suffer a loss as required for section 409(a) of ERISA to be applicable.

Defendant MetLife, in its motion to dismiss Count III of plaintiffs' complaint, contends that because plaintiffs seek individual relief in Counts I and II of their complaint, they are barred from seeking relief for the Plan based on the same allegations. MetLife's argument is similar to that asserted by UHIC; that the Plan, by paying reduced benefits on claims, could not have incurred any loss as required by section 409(a) of ERISA. MetLife further contends that because plaintiffs do not allege any loss caused by a breach of fiduciary duty, they cannot recover under 409(a) of ERISA, 29 U.S.C. § 1109.

In response to the motions to dismiss, plaintiffs argue that UHIC and MetLife, by devising a systematic methodology to miscalculate and underpay benefits, breached their fiduciary duties in violation of ERISA. As a result of this alleged breach of fiduciary duty, plaintiffs claim UHIC and MetLife either earned or saved money, and seek to have these funds restored to the Plan. Plaintiffs also seek reform of administration of the Plan. Plaintiffs contend that section 502(a)(2) of ERISA, which allows plan participants to bring an action on behalf of the plan against fiduciaries that violate their statutory duties, applies to Count III of their complaint. Plaintiffs argue that while defendants point to the first section of 502(a)(2), which focuses on losses to the plan, the second half of the section, which mandates that breaching fiduciaries restore ill-gotten profits and possibly face removal from their fiduciary duties, is determinative.

In a joint reply to plaintiffs' response to the motions to dismiss, defendants MetLife and UHIC argue that for plaintiffs to properly plead a breach of fiduciary duty, their allegations must establish

a breach independent of the contested denials and miscalculations of benefits. The UHIC Affiliates, in a separate reply, offer similar arguments. Defendants further state that if plaintiffs can establish that benefits were improperly paid, the remedy would be to provide the proper payment to the individuals, not to the Plan itself. Defendants also point out that although the plaintiffs claim to bring suit on behalf of the Plan, the suit is styled as being brought on behalf of the plaintiffs and all others similarly situated, and that the Plan is a defendant. Defendants also assert that plaintiffs fail to allege any facts which establish a claim that the Plan suffered or that the defendants were improperly enriched as a result of alleged benefits miscalculations.

**Legal Standard**

When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The complaint must be liberally construed in a light most favorable to the plaintiff. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994); Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss should not be granted merely because a complaint does not state with precision every element of the offense necessary for recovery. Roberts v. Walmart Stores, Inc., 736 F. Supp. 1527, 1528 (E.D. Mo. 1990). "A complaint is sufficient if it contains allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. (internal quotations and citation omitted). Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. Coleman, 40 F.3d at 258; Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

**Discussion**

Under ERISA, a claim may be asserted under Section 409, 29 U.S.C. § 1109, in conjunction with Section 502(a)(2), 29 U.S.C. § 1132(a)(2), only to obtain relief for an employee benefit plan as

7

a whole and all plan beneficiaries as a group, and not to obtain individual relief for particular participants or beneficiaries. See Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 145 (1985) (section 1109(a) provides relief only to a plan and not to individual beneficiaries); Conley v. Pitney Bowes, 176 F.3d 1044, 1047 (8th Cir. 1999). 29 U.S.C. § 1109 states:

> (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 411 of this Act [29 USCS § 1111].

29 U.S.C § 1109(a) (alteration in original).

The language of section 29 U.S.C § 1109 is clear on its face. The statute sets out three independent remedies that can be sought against a fiduciary that breaches its duty with respect to a plan. The breaching fiduciary may be compelled: (1) to repay any losses that result from the breach; (2) to restore to the plan any profits made through use of assets of the plan; and (3) to comply with any other equitable or remedial relief as the court may deem appropriate.

Defendant UHIC asserts that plaintiff can prevail on a breach of fiduciary duty claim under ERISA only where it can "show a breach of a fiduciary duty and 'a prima facie case of loss to the plan.'" Eckelkamp v. Beste, 315 F.3d 863, 867 (8th Cir. 2002). MetLife, citing Roth v. Sawyer-Cleator Lumber Co., 16 F.3d 915, 919 (8th Cir. 1994), asserts that a causal relationship must be established between the breach of fiduciary duty and loss to the plan. Defendants, relying on similar reasoning, assert that plaintiffs' claims for individual relief prohibit them from bringing claims under ERISA sections 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a)(2), because such claims may only be brought for plan relief and not to compensate an individual or beneficiary for personal loss.

8

Both of the cases cited by defendants rely on the 8th Circuit's decision in Martin v. Feilen, 965 F.2d 660 (8th Cir. 1992). In Martin, the Secretary of Labor brought an action charging that a company's stockholders, directors, and accountants breached their fiduciary duties under ERISA, 29 U.S.C. §§ 1104-06, by engaging in various self-dealing transactions that ultimately affected the employee stock ownership plan (ESOP). The Eighth Circuit remanded for consideration of whether the stockholders, directors, and accountants breached specific fiduciary duties and to determine the damages, if any, recoverable on behalf of the ESOP with respect to each breach. Relevant to the present issue in the instant action, Martin states:

> Once the ERISA plaintiff has proved a breach of fiduciary duty and a prima facie case of loss to the plan *or* ill-gotten profit to the fiduciary, the burden of persuasion shifts to the fiduciary to prove that the loss was not caused by, *or* his profit was not attributable to, the breach of duty.

Martin, 965 F.2d at 671 (emphasis added).

Defendants rely on language of Count III of plaintiffs' complaint which states, "Defendants are personally liable to the employee benefit plans they administer to make good to such plans any losses those plans have sustained as a result of the breaches of duty and violations of law alleged herein." (Compl. ¶ 82). Defendants argue that the Plan cannot have sustained any losses as a result of the conduct alleged by plaintiffs, and therefore plaintiffs cannot state a claim under § 409(a). The next sentence of the complaint, however, states that "restitution and restoration" to the Plan for the defendants' alleged breach of fiduciary duties may include "the money the Defendants earned or saved by using a system based on application of the more favorable . . . discount rate." (Id.) The latter language clearly relies on 29 U.S.C § 1109's remedial provision to restore to a plan any profits made by a fiduciary through use of plan assets.

The Court concludes that Count III asserts a claim for relief on behalf of the Plan which is independent of plaintiffs' claim for individual relief in Counts I and II, given the liberal construction

9

required on a motion to dismiss. The Court will not rule as a matter of law, based solely on the pleadings, that the Plan suffered no loss as a result of defendants' challenged actions, or that the defendants gained no profits therefrom. Therefore, the defendants' motions to dismiss Count III of plaintiffs' complaint should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions for order directing payment of costs and to stay proceedings are **DENIED.** [Docs. 51, 83]

**IT IS FURTHER ORDERED** that defendants' motions to dismiss Count III of plaintiffs' complaint are **DENIED.** [Docs. 37, 67, 83]

**IT IS FURTHER ORDERED** that defendants shall file their answer to Count III within the time prescribed by Rule 12(a)(4), Federal Rules of Civil Procedure.

 _____
 **CHARLES A. SHAW**
 **UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of November, 2006.