UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIANE CHOROSEVIC and LAWRENCE CHOROSEVIC, on behalf of themselves and all others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) METLIFE CHOICES, et al., ) ) Defendants. ) | No. 4:05-CV-2394 CAS |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's second motion to compel discovery. In the motion, plaintiff seeks "limited discovery" for the purpose of determining the extent of defendants' alleged conflict of interest. Defendants oppose the motion. On November 21, 2008, the Court heard arguments on the motion. For the following reasons, the motion will be denied.

**Background**

This case was filed in 2005. The original plaintiffs Lawrence and Diane Chorosevic, individually and as representatives of a putative class, asserted claims against defendants under ERISA seeking monetary and injunctive relief arising out of defendants' processing of plaintiffs' claims for secondary health insurance benefits. In various orders, the Court has dismissed all claims of plaintiff Diane Chorosevic, denied two motions for class certification, dismissed plaintiff Lawrence Chorosevic's ERISA § 502(a)(2) claim, and held that all claims for injunctive relief are moot because of an amendment to the Plan. The only remaining claim before the Court is Mr. Chorosevic's individual claim for benefits under ERISA § 502(a)(1)(B) and for prejudgment interest under ERISA

§ 502(a)(3). Plaintiff's disclosed expert has opined that plaintiff is entitled to payment of either $203.10 or $272.30 in benefits.

**Discussion**

The only matter remaining for the Court to resolve is whether defendants have paid plaintiff Mr. Chorosevic's health benefits consistently with the terms of the Plan. Citing <u>Cash v. Wal-Mart Group Health Plan</u>, 107 F.3d 637, 641-42 (8th Cir. 1997), defendants argue that because the Court must review the Plan's decision only for abuse of discretion, its decision must be based solely on the Plan document and administrative record. Because plaintiff's discovery seeks information and documents outside the administrative record, defendants argue the motion to compel discovery should be denied. Plaintiff has not disputed the fact that the Court must apply the abuse of discretion standard, and the Court would ordinarily be limited to the administrative record.[1] Rather, plaintiff states that in this case there is a conflict of interest, and therefore plaintiff is entitled to discovery regarding the conflict of interest, procedural irregularities in the claims processing, breach of fiduciary duty, and bad faith. For support, plaintiff cites <u>Metropolitan Life Ins. Co., et al. v. Glenn</u>, 128 S. Ct. 2343, 2348 (2008) in which the Supreme Court recently held that a reviewing court should consider a conflict of interest as a factor in determining whether a plan administrator has abused its discretion in denying benefits.

As the Eighth Circuit held in <u>Wakkinen v. UNUM Life Ins. Co.</u>, 531 F.3d 575, 581 (8th Cir. 2008), the Supreme Court's ruling in <u>Glenn</u> does not change the standard of review of courts reviewing the denial of plan benefits. <u>Id.</u> at 581. In fact, <u>Glenn</u> reaffirmed the rules for deciding

---

[1] The briefing is limited to plaintiff's opening memorandum and defendants' response. Plaintiff did not file a reply brief. In his opening memorandum, plaintiff discusses both the de novo standard of review and the abuse of discretion standard of review, but does not take any position on which standard applies. Pl. Mem. at 3. In their response, defendants cite to the provisions of the Plan and applicable case law and state that the abuse of discretion standard applies to this case. Def. Resp. at 3 and n.1. Plaintiff has not disputed this.

whether a reviewing court should apply a de novo or an abuse of discretion standard. Based on the briefing, plaintiff does not dispute defendants' argument that the Court should apply the abuse of discretion standard in this case. Plaintiff argues merely that the Court may look outside the administrative record to determine if a conflict of interest or procedural irregularities in the claims review process exist.

Plaintiff's discovery, however, reaches beyond the issues of conflict of interest and procedural irregularities. Plaintiff asks defendants to admit that they "improperly coordinated benefits for [plaintiff] under the MetLife Plan in the year 2004 which resulted in underpayments, and if so admitted, state the amount of any such underpayments for the year 2004" and produce "[a]ny and all documents or communications describing the process by which [defendant] coordinates benefits pursuant to the come out whole [COB] with a benefit reserve." This discovery does not seek to determine a conflict of interest, but is instead merits-driven. Even assuming the Court would allow limited discovery related to determining whether a conflict of interest exists (which it is not inclined to do), this discovery would be limited to the factors highlighted by the Supreme Court in Glenn as worth considering, e.g., whether the administrator had a history of biased claims administration, whether the administrator had taken steps to reduce potential bias, etc. See Winterbauer v. Life Ins. Co. of N. Am., 2008 WL 4643942, **5-6 (E.D. Mo. Oct. 20, 2008). Because the Court's review of the denial of benefits is limited to the administrative record, and because plaintiff's requested discovery seeks information outside the record that is not related to determining whether a conflict of interest exists, the Court will deny plaintiff's motion to compel the requested discovery.

**Additional Matters**

At the hearing on this matter, plaintiff's counsel stated that defendants have not filed an answer to plaintiff's first amended complaint, and the answer is overdue. On April 28, 2008, the Court ruled on defendants' motion to dismiss plaintiff's first amended complaint. Defendants' answer was due within ten days of that ruling. See Fed. R. Civ. P. 12(a)(4). Because the answer is out of time, defendants must seek leave of Court before filing. Defendants shall seek leave to file their answer to plaintiff's first amended complaint by December 9, 2008.

Finally, the Court notes that pursuant to the Case Management Order issued August 14, 2007 and modified by order dated August 4, 2008, dispositive motions are due by December 30, 2008 and this matter is set for trial April 13, 2009. As stated in the Order amending the Case Management Order, no extensions to these deadlines will be granted in the absence of extraordinary circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion to compel is **DENIED**. [Doc. 192]

**IT IS FURTHER ORDERED** that defendants shall seek leave to file their answer out of time by December 9, 2008.

*/s/ Charles A. Shaw*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 4th day of December, 2008.