**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

DIANE CHOROSEVIC and LAWRENCE )
CHOROSEVIC, on behalf of themselves )
and all others similarly situated, )
)
        Plaintiffs, )
)
v. ) No. 4:05-CV-2394 CAS
)
METLIFE CHOICES, et al., )
)
        Defendants. )

## ORDER

This matter is before the Court on plaintiff Lawrence Chorosevic's motion for leave to file a motion to alter or amend orders denying plaintiff's motions for class certification. In his motion, plaintiff states that additions to the evidentiary record establish that defendants employed the same allegedly defective methodology for each plan that requires the come-out-whole COB with a benefit reserve. Plaintiff seeks, in essence, leave to file a third motion for class certification based on this purported newly-discovered evidence.

Assuming the additions to the evidentiary record would establish precisely what plaintiff claims, this would not cure the problems identified by the Court in either of its two prior orders denying class certification. As the Court discussed in its Memorandum and Order dated July 26, 2007, Mr. Chorosevic has standing issues, and would not be an adequate class representative for participants in plans other than the MetLife Choices Plan. See Doc. 133 at 13-14; see also Hastings v. Wilson, 516 F.3d 1055, 1061 (8th Cir. 2008) ("Because [plaintiffs] were not participants, beneficiaries or fiduciaries of the Pilot Plan, the district court correctly held that [plaintiffs] lacked standing to bring claims on behalf of the Pilot Plan participants and beneficiaries."). As the Court

held in its Memorandum and Order dated June 9, 2008, even with respect to a class of individuals who used MetLife Choices Plan as a secondary insurer, plaintiff cannot meet the requirements of commonality and typicality of Rule 23(a)(2) and (3). See Doc. 186 at 8-9. Therefore, it is irrelevant to class certification whether the purported additions to the evidentiary record establish that defendants employed the same methodology for each plan that used the come-out-whole calculation of secondary medical benefits.

In addition, plaintiff's effort to revive class certification comes after this case has been pending for more than three years and is less than thirty days from trial. The parties have fully briefed cross-motions for summary judgment, which are now pending. Pre-trial materials are due in one week. In various orders, the Court has dismissed all claims of plaintiff Diane Chorosevic, denied two motions for class certification, dismissed plaintiff Lawrence Chorosevic's ERISA § 1132(a)(2) claim, and held that all claims for injunctive relief are moot because of an amendment to the Plan. The only remaining claims before the Court are Mr. Chorosevic's individual claim for benefits under ERISA § 1132(a)(1)(B) and his claim for equitable relief under ERISA § 1132(a)(3). There must be a final resolution to this case. The Court denies plaintiff's motion for leave to re-open the issue of class certification for the additional reason that it is untimely.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Lawrence Chorosevic's motion for leave to file a motion to alter or amend orders denying plaintiff's motions for class certification is **DENIED**. [Doc. 228]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   17th   day of March, 2009.